The ChahcheIíOB.
The complainants’ mortgage covers three lots, (numbers 147, 148, and 149,) at the corner of Littleton avenue and Cabinet street, in the city of Newark. It was executed on the twelfth of April, 1858, by Johnson and wife to Anne E. Loomis, now the wife of the complainant. On the second of April, 1858, Johnson and wife executed to Peter Mead a mortgage upon lots numbers 145, 146, 147, 148, and 149, to secure the payment of six hundred dollars. This mortgage, having been duly registered, was assigned by Mead to Bolles, one of the defendants, on the eighth of April, 1858. On the sixteenth of July, 1858, Bolles released to Johnson lot number 145 from the operation of his mortgage.
There is no dispute as to the facts. The priority of Bolles’ mortgage is admitted. The only point raised by counsel upon the argument is, that Bolles, the first mortgagee, having released one o.f the lots included in his mortgage, but not covered by the second mortgage, to the prejudice of the second mortgagee, the release operates in equity as a discharge pro tanto of the lots included in the second mortgage. The general principle is well settled, but the complainant cannot in this case avail himself of its benefit.
1. The equity which entitles the second mortgagee to the; benefit of the release executed by the first mortgagee arises; only where the first mortgagee gave the release with knowledge of the existence of the second encumbrance. If the release is executed without notice of existing equities on the part of the subsequent encumbrancer, he is not responsible for the consequences of his act, nor is the lien of his mortgage in any wise impaired. Stevens v. Cooper, 1 J. C. R. 425; Guion v. Knapp, 6 Paige 43; Patty v. Pease, 8 Paige 277; Reilly v. Mayer, 1 Beasley 59.
*378 And the recording of the second mortgage will not operate as constructive notice of its existence to the prior mortgagee. Cheeseborough v. Millard, 1 J. C. R. 414; Stuyvesant v. Hone, 1 Sandf. 419; Blair v. Ward, 2 Stock. 126.
There is no intimation, either in the pleadings or in the evidence, that Bolles, at the date of the release to Johnson, had any knowledge whatever, actual or constructive, of the existence of the complainants’ mortgage. It must be assumed that the release was executed by Bolles in good faith, without knowledge of any existing equity on the part of the complainant.
2. But there is in this case another and equally decisive reason against the equity claimed by the complainant. The mortgage of Bolles was .originally given to secure six hundred dollars. Only four hundred dollars were advanced upon it. An. endorsement was made upon the bond by the mortgagee, prior to its assignment to Bolles, that four hundred dollars only had been advanced; that two hundred dollars remained to be paid, and that the mortgage was to stand .as security only for what was actually paid with interest. It ■further appears, by the evidence, that at the time of the delivery of the bond and mortgage there was an agreement between the mortgagor and mortgagee that if the remaining two hundred dollars was not advanced, one of the lots mortgaged should be released. In pursuance of this agreement, .the release was subsequently executed by Bolles, without any consideration received by him therefor. It is manifest not only that the release was given in good faith, but that no equity did or could result therefrom in favor of the second •mortgagee. His rights were in no wise prejudiced. The .original mortgagor was entitled to a further advance of two hundred dollars upon the first mortgage. Bolles was bound in equity either to advance the money or execute the release. ■ If the money had been advanced, it would have constituted a valid encumbrance prior to the complainant’s mortgage. He had notice, by the registry, that there was an existing encumbrance upon the premises covered by his mortgage of *379 six hundred dollars. The lot released was of less value than two hundred dollars. The second mortgagee was therefore benefited by the release of the lot, instead of the additional advance of two hundred dollars. The claim of the com-! plainant to the benefit of the release is a mere equity result-! ing from the fact that his security is impaired by the giving' of the release. It is no technical discharge of the lands covered by the complainant’s mortgage, nor will it operate as,, a release, unless upon principles of justice and equity it ought thus to operate. Thus, where the land released is sold at a fair price, and the purchase money is applied in part satisfaction of the first mortgage, no equity will accrue in favor of the second mortgagee, because it is obvious that his interests are in no wise prejudiced by the release. Tatty v. Pease, 8 Paige 277.
The claim of the second mortgagee, being a mere equity:, can be extended no further than is required by the clear deT mands of natural justice and equity.
The entire premises covered by the complainants’ mortgage cannot, under the pleadings in the cause, be directed to be sold. All the equity to which the complainant is entitled under the case as it now stands is, that the complainant, upon the payment of Bolles’ claim, shall be substituted in liis place, with all his rights as against the premises covered by the first mortgage. This assignment Bolles, in his answer, proffers himself ready and willing to make. Upon general principles of equity, the complainant is entitled to the benefit of such subrogation.
Leonard, the purchaser of the lot released, and in whose favor the release operates, cannot be affected by any equities subsisting between the mortgagees. Reilly v. Mayer, 1 Beasley 59.
Tie is entitled to the costs of his defence.